UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

UNITED STATES OF AMERICA

       -against-                      **MEMORANDUM & ORDER**
                                              20-CR-201-EK

AFRICAN FRAZIER,

            Defendant.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

        Defendant African Frazier is charged with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g).  In February 2020, parole officers employed by the New York State Department of Corrections and Community Supervision (DOCCS) conducted a search of his apartment and recovered a loaded .40-caliber pistol.  Frazier moves to suppress the firearm and his post-search statements.  Def. Mot., ECF No. 24-1.  For the reasons set forth below, that motion is DENIED.

**I.**

        In July 2015, the Defendant applied for release from prison to parole.  He signed an "Application for Conditional Release to Parole Supervision" in which he acceded to certain "Conditions of Release" — one of which was that Frazier would "permit [his] Parole Officer to visit [him] at [his] residence and/or place of employment and [] permit the search and

1

inspection of [his] person, residence and property." Gov't Br. Exhibit B at 4, ECF No. 26-2. Frazier's parole application was granted that same day. Upon release, he was placed under DOCCS supervision until July 31, 2020. Compl. ¶ 2, ECF No. 1. Entering on parole, Frazier again consented to search, signing a "Certificate of Release to Parole Supervision" that stated: "I, African FRAZIER, voluntarily accept Parole Supervision. I fully understand that my person, residence and property are subject to search and inspection"; and, "I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection of my person, residence and property." Gov't Br. Exhibit B at 2. Mr. Frazier also certified that he would not possess a firearm. *Id.*

In February 2020, the New York City Police Department received a "reliable tip" that the Defendant had a firearm in his apartment. Compl. ¶ 3. This tip was transmitted to DOCCS, and on February 24, 2020, parole officers searched the Defendant's apartment and found the loaded gun in question. *Id.* ¶¶ 4-6.

The Defendant argues that this search violated the Fourth Amendment. He contends that "his status as a parolee does not strip him of the Fourth Amendment's protections." Def. Mot. at 3. He also moves to suppress his subsequent statements as the fruits of an unlawful search. *Id.* at 5.

2

## II.

The Supreme Court held in *Samson v. California* that "the Fourth Amendment does not prohibit" even a "suspicionless search of a parolee" or his residence. 547 U.S. 843, 857 (2006). The Supreme Court reached this conclusion after "[e]xamining the totality of the circumstances pertaining to petitioner's status as a parolee" and finding that he "did not have an expectation of privacy that society would recognize as legitimate." *Id.* at 852. In so ruling, the Court noted that the petitioner had agreed, as a condition of his release, to submit to suspicionless search at any time; but the Court expressly declined to rest its holding on the "acceptance of the search condition [as] consent" rationale. *Id.* at 852 n.3. Instead, the Court held that parolees have "severely diminished expectations of privacy" even absent such consent, because while on parole they remain "on the 'continuum' of state-imposed punishments" in a status that is "more akin to imprisonment" than other statuses. *Id.* at 850, 852. To the extent *Samson* controls here, the Defendant's motion must be denied.

There is, however, a lingering question in the Second Circuit about whether *Samson* superseded the standard previously applied to parole searches — namely, the standard articulated in *People v. Huntley*, 43 N.Y.2d 175 (1977). In *Black v. Petitinato*, 761 F. App'x 18, 21 (2d Cir. 2019), for example, the

3

court recognized that "the law is unclear whether the *Huntley* standard has been superseded by *Samson*," and that the Circuit had "noted on several occasions that it is an open question whether *Samson* may justify a parole officer's suspicionless search of a New York parolee's home." This lack of clarity arises because the California statute at issue in *Samson* explicitly allowed for search without cause by a parole officer, and New York's regulations do not contain the same language. *See, e.g., United States v. Watts*, 301 F. App'x 39, 42 n.2 (2d Cir. 2008) (discussing N.Y. Comp. Codes R. & Regs. Tit. 9, § 8003.2(d)); *United States v. White*, 622 F. Supp. 2d 34, 41 (S.D.N.Y. 2008) (collecting cases). But even if *Huntley,* and not *Samson*, governs, the search here would still survive challenge.

*Huntley* "authorizes a parole officer to search a parolee's home or person, without a search warrant, if the search is 'rationally and reasonably related to the performance of his duty as a parole officer.'" *United States v. Lambus*, 897 F.3d 368, 403 (2d Cir. 2018) (quoting *Huntley*, 43 N.Y.2d at 179). A parole officer has a duty "to investigate whether a parolee is violating the conditions of his parole," including "that the parolee commit no further crimes" — here, the possession of a firearm. *See United States v. Barner*, 666 F.3d 79, 85 (2d Cir. 2012); *United States v. Newton*, 369 F.3d 659,

4

666 (2d Cir. 2004). The instant search was conducted pursuant to a tip received by law enforcement that the parolee had a firearm in his apartment. The Second Circuit has treated parole searches effectuated pursuant to such a tip as presumptively "rationally and reasonably related" to the parole officer's job duties, absent affirmative indications of unreliability, and there are no such indications present here. *See United States v. Reyes*, 283 F.3d 446, 463 (2d Cir. 2002). Accordingly, the instant search survives scrutiny under *Huntley* as well.

For the foregoing reasons, the Defendant's motion to suppress is denied.

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    November 4, 2020
         Brooklyn, New York

5